1  Stanley Goff, Esq., State Bar No. 289564
   Law Offices of Stanley Goff
2  15 Boardman Place Suite 2
3  San Francisco, CA 94103
   Telephone: (415) 571-9570
4  Email: scraiggoff@aol.com

5  Attorney for Plaintiff Murlene Spinks

UNITED STATES DISTRICT COURT
EASTERN DISTRICT

| | |
|---|---|
| MURLENE SPINKS,<br><br>        Plaintiff,<br><br>vs.<br><br>PLACER COUNTY<br><br>and DOES 1 through 50,<br><br>        Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>42 USC SECTION 1983 EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT VIOLATION |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

I.

**PARTIES**

1. Plaintiff Murlene Spinks, Mother of Anthony Skeaton brings this action based on the above-captioned cause of action.

2. Defendant, Placer County is a legal and political entity established under the law of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. The Placer County Sheriffs Department is an agent of Placer County.

3. Each Defendant officer DOE was at all times relevant to this complaint employed as a Placer County Sheriff's Deputy who engage in the conduct leading to the denial of medical treatment causing the death of the decedent. Each DOE officer is being sued in each of his/her individual capacity.

4. At all times relevant to this complaint, all Defendants acted under color of state law.

II.

**STATEMENT OF FACTS**

5. On July 10, 2013, the decedent who was 24 years old, was an inmate at the Placer County Jail in H-unit dorm which is a "direct supervision dormitory unit," that has two officers assigned to that post 24 hours a day, seven days a week.

6. However, despite the fact that the decedent was withdrawing from heroine addiction and was very ill, the defendants failed to check on the decedent for over several hours.

7. During this time period, fellow inmates recognizing that the decedent was in severe distressed, began to yell "man down" in order to get the deputies attention who were working during that time.

COMPLAINT FOR DAMAGES- 2

8. The deputies ignored these calls for medical assistance to be provided to the decedent.

9. When the deputy shift changed, which was more than 9 hours after inmates were first trying to get aid for the decedent, jail nurse Sherrie Blackmun arrived at the upper tier of the H tank where the decedent was housed and observed that the decent was lying on the ground without a pulse and was not breathing.

10. The decedent was subsequently transferred to Sutter Auburn Faith Hospital where he was pronounced dead.

**(Violation of Decedent's Eighth Amendment Rights, 42 U.S.C.  
§1983 - by Plaintiff Murlene Spinks  
As Successor in Interest to Anthony Skeaton)**

**Plaintiff v. Defendant Officers  (Federal Constitutional Claims)**

11. Defendant Officers DOE violated the decedent's rights as an inmate serving his sentence under the Eighth Amendment to the United States Constitution to be free from the denial of serious medical attention, which was caused by the defendants deliberate indifference to not render aid for several hours resulting in decedent's death.

**Count II**

**Plaintiff v. Defendant Placer County (Federal Constitutional Claims)**

12. Plaintiff alleges that Placer County has an inadequate and or no policy in place directing its deputies to know what level of medical aid they should provide to a county inmate when the detainee is suffering a life threatening condition and that Placer County of failed to train its deputies of the constitutional requirement to render medical aid to such detainees.

13. Plaintiff also alleges that this inadequate and or lack of policy and failure to train and or adequately train by Placer County has exposed those who are in compliance with the law to deprivations of their Eighth Amendment rights  to be free from cruel and unusual punishment

COMPLAINT FOR DAMAGES- 3

through the denial of medical aid thus amounting to deliberate indifference leading to the injuries (death) suffered in the instant case can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

14. Further, Plaintiff alleges that Placer County's lack of adequate training and or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the lack of medical aid to inmates in its custody.

15. The Plaintiff also alleges Placer County's omissions and systemic failures caused each officer DOE to believe that he/she had unfettered discretion to deny life saving medical aid to inmates in its custody and that this improper conduct would not be properly investigated, with the foreseeable result that each officer DOE would likely cause the deprivation of rights that occurred in this case.

**(Violation of Plaintiff Murlene Spinks' Fourteenth Amendment Rights, 42 U.S.C §1983; Against All Defendants)**

16. Plaintiff alleges that by the conduct alleged above, defendants, and each of them, acting under color of the law of the State of California and with deliberate indifference to the rights of plaintiff Murlene Spinks, deprived said plaintiff of her rights, privileges and immunities secured by the Constitution of the United States, pursuant to the Fourteenth Amendment not to be deprived of life or liberty without due process of law.

17. As a direct and proximate result of the conduct by defendants alleged above, and the wrongful death of decedent Anthony Skeaton, plaintiff Murlene Spinks has sustained pecuniary loss resulting from the loss of care, comfort, society, attention, services, affection, familial relationship, companionship and love from decedent, all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

COMPLAINT FOR DAMAGES- 4

18. As a further direct and proximate result of defendants' gross negligence, carelessness and deliberate indifference to decedent's safety, leading to the death of decedent Anthony Skeaton, plaintiff Murlene Spinks has incurred incidental expenses, including but not limited to funeral and burial expenses, the amount of which will be proven at time of trial.

19. Plaintiff alleges that Placer County have inadequate policies in place Plaintiff alleges that Placer County has an inadequate and or no policy in place directing its deputies to know what level of medical aid they should provide to a county inmate when the detainee is suffering a life threatening condition and that Placer County of failed to train its deputies of the constitutional requirement to render medical aid to such detainees.

20. Plaintiff also alleges that this inadequate and or lack of policy and failure to train and or adequately train by Placer County has exposed those who are in compliance with the law to deprivations of their Fourteenth Amendment rights not to be deprived of life or liberty without due process of law through the denial of medical aid thus amounting to deliberate indifference leading to the injuries (death) suffered in the instant case can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

21. Further, Plaintiff alleges that Placer County's lack of adequate training and or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the lack of medical aid to inmates in its custody.

22. The Plaintiff also alleges Placer County's omissions and systemic failures caused each officer DOE to believe that he/she had unfettered discretion to deny life saving medical aid to inmates in its custody and that this improper conduct would not be properly investigated, with the foreseeable result that each officer DOE would likely cause the deprivation of rights that occurred in this case.

COMPLAINT FOR DAMAGES- 5

WHEREFORE, plaintiff prays for judgment against defendants Placer County and defendant DOE Officers, as set forth below.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against defendants:

1. For general damages in an amount in excess of the jurisdictional requisites of the Court, according to proof at trial;

2. For special and incidental damages, according to proof at trial;

3. For punitive damages against individually named police officers, according to proof;

4. For costs of suit and reasonable attorneys' fees as provided by law, including but not limited to 42. U. S. C. §1988;

Dated: March 22, 2015

                                            /s/
                                    Stanley Goff Esq.,
                                    Attorney for Plaintiff Murlene Spinks