UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Murlene T. Spinks,<br><br>        Plaintiff,<br><br>   v.<br><br>Placer County and DOES 1-50,<br><br>        Defendants. | No. 2:15-cv-00671-JAM-KJN<br><br>**ORDER DENYING PLACER COUNTY'S MOTION TO DISMISS** |

Anthony Skeaton ("Skeaton") died on July 10, 2013 from a heroin withdrawal episode while incarcerated at Placer County Auburn Main Jail. Compl., ECF No. 1, ¶¶ 1, 5-10. Skeaton's mother, Plaintiff Murlene T. Spinks ("Spinks" or "Plaintiff") brings this suit under 42 U.S.C. § 1983 against Defendant Placer County ("Defendant") and its unnamed employees, alleging their indifference to Skeaton's health conditions violated her and Skeaton's constitutional rights. See Compl.[1]

Defendant moves to dismiss this action, claiming it was not timely served. See Mot., ECF No. 20. Plaintiff opposes. See

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 30, 2018. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

1

Opp'n, ECF No. 23.  For the reasons explained below, the Court denies Defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2013, Skeaton, an inmate at Placer County Auburn Main Jail, became medically distressed from a heroin withdrawal and collapsed and died.  See Compl. ¶¶ 1, 5-10.  Plaintiff claims Defendant and its officers did not check on Skeaton for several hours, despite other inmates yelling "man down" to get the officers' attention.  See id., ¶¶ 6-10.

Plaintiff, on behalf of her decedent son, brought suit against Defendant on March 25, 2015, alleging: (1) Defendant and its officers violated Skeaton's Eighth Amendment rights by denying him serious medical aid and having an inadequate or no policy directing Defendant's officials on how to provide medical aid and (2) Defendants' actions and the resulting death of Plaintiff's son violated her Fourteenth Amendment rights.  See Compl. ¶¶ 11-22.  Plaintiff simultaneously filed an application to proceed in forma pauperis (the "IFP Application").  ECF No. 2.

On February 4, 2016, the Court granted Plaintiff's IFP Application and the Clerk of the Court issued a summons and civil case documents.  ECF Nos. 3-5.  The Court's "Order Requiring Joint Status Report" stated that "Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of filing of the complaint."  ECF No. 5, at 1.  Then Plaintiff filed a motion on March 4, 2016 requesting that the U.S. Marshals Service serve Defendant with the complaint. The Court granted this motion four days later.  ECF Nos. 6-7.

On May 31, 2016, the Court issued a minute order requiring

Plaintiff to file a status report, which Plaintiff did on June 25, 2016. ECF Nos. 8-9. In the status report, Plaintiff's former counsel stated that "[t]o date, U.S. Marshals have not served the defendants in this case [.]" Pl.'s Status Report at 1. Plaintiff's former attorney explains he took no further action because he believed nothing further was required. Decl. of Stanley C. Goff ("Goff Decl."), ECF No. 23-2, ¶¶ 5-8.

In September 2017, the Court granted Plaintiff's request for substitution of counsel and Plaintiff personally served Defendant with the complaint on October 25, 2017. ECF Nos. 10-11, 19. Plaintiff also filed a first amended complaint, but subsequently withdrew it. ECF Nos. 12, 18.

## II. OPINION

Parties may move to dismiss a complaint based on "insufficient service of process" under Federal Rule of Civil Procedure 12(b)(5). Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Federal Rule of Civil Procedure 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4(m) states in relevant part that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

### A. Commencement Of The Time Limit To Complete Service

Defendant first argues that because the complaint was filed

on March 25, 2015, service was required to be accomplished no later than June 23, 2015. Mem. at 3, 5. Not so.

The time limit for service to be completed under Rule 4(m) does not begin until after the Court acts on Plaintiff's IFP Application. See Scary v. Phila. Gas Works, 202 F.R.D. 148, 151-52 (E.D. Pa. 2001) (citing Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994), among other cases, to rule that the limitations period was tolled during the pendency of the motion for in forma pauperis); Ellis v Principi, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004); Lowery v. Carrier Corp., 953 F. Supp. 151, 156 (E.D. Tex. 1997).

Here, the time limit for Plaintiff to complete service did not begin until the Court granted the IFP Application on February 4, 2016. See Scary, 202 F.R.D. at 151-52; Ellis, 223 F.R.D. at 447-48 (S.D. Miss. 2004); Lowery, 953 F. Supp. at 156 (E.D. Tex. 1997).

B.  Extension Of Time To Complete Service

Defendant argues that, even if Plaintiff's time to serve was tolled during the pendency of the IFP Application, the complaint must be dismissed because Plaintiff served it almost 21 months after the IFP Application was granted. See Mem. at 5, Reply at 2. The Court finds otherwise.

When deciding whether to dismiss a case or extend the time period for service of process, Rule 4(m) provides two avenues for relief. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citation omitted). "The first is mandatory: the district court must extend time for service upon a showing of good cause." Id. "The second is discretionary: if

good cause is not established, the district court may extend time for service upon a showing of excusable neglect." Id. The Court may also extend time for service retroactively, even after time for completion of service has expired. See Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).

1.  Mandatory Extension of Time

The U.S. Marshals Service's failure to effect service of process, where they are required to do so, may constitute good cause for an extension of time to complete service under Rule 4(m). See, e.g., Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). In Puett, the Ninth Circuit held that "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on" the U.S. Marshals Service to serve the complaint and summons. Id. Because the plaintiff in Puett provided "the necessary information to help effectuate service, plaintiff [was not] penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk ha[d] failed to perform the duties required of each of them under 28 U.S.C § 1915(c)" and Rule 4. Id.; see also Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (finding "good cause" and holding that the district court erred in dismissing a pro se inmate's case proceeding in forma pauperis for failure to effect service "because the U.S. Marshal had yet to effect personal process through no fault of the litigant").

Plaintiff contends she has "good cause" for failure to complete service based on the order granting her IFP Application and the order directing the U.S. Marshals Service to complete

service. See Opp'n at 6. But, as Defendant points out, courts have found a lack of good cause where the plaintiff is aware of the U.S. Marshals Service's delays in effectuating service and does nothing in response. Reply at 3; Harrison v. Smith, 11-CV-03186, 2013 U.S. Dist. LEXIS 93851 (N.D. Cal. Jul. 3, 2013) (citing Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987), in directing plaintiff to provide the U.S. Marshals Service with necessary information to serve the defendant and warning that a failure to do so would result in dismissal with prejudice); see also Puett, 912 F.2d 270; Jacques v. McDonald, CV 16-3599, 2017 U.S. Dist. LEXIS 193894, *5-*6 (C.D. Cal. Sept. 27, 2017) (dismissing pro se prisoner plaintiff's case where plaintiff failed to provide necessary information to the U.S. Marshals Service).

In this case, although the U.S. Marshals Service did not complete service as it was ordered to by the Court, Plaintiff has failed to show good cause. She, or her former attorney, could have raised the U.S. Marshals Service's failure to execute service with the Court and did not. Unlike the plaintiff in Puett, Plaintiff had a lawyer and did not have the limitations in following up with the U.S. Marshals Service that a prisoner without a lawyer might. Puett, 912 F.2d 270. Similar to the courts' approaches to the plaintiffs in Harrison and Jacques, this Court also finds Plaintiff could have tried to remedy any apparent defects of which she had knowledge. Harrison, 2013 U.S. Dist. LEXIS 93851; Jacques, 2017 U.S. Dist. LEXIS 193894.

As Defendant points out, "Plaintiff had the resources available through her attorney to employ any number of options

to effectuate service [including] following up with the U.S. Marshals regarding service, seeking an extension from the Court to effectuate service and/or Court intervention regarding service by the U.S. Marshals [.]" Opp'n at 4. Instead, Plaintiff, through her counsel, did not avail herself of any of those options. Accordingly, the Court finds that Plaintiff has failed to show good cause for failure to timely serve Defendant under Rule 4(m)'s first avenue for relief. The Court is not mandated to retroactively extend time for service.

2. Discretionary Extension of Time

In the absence of good cause giving rise to a mandatory extension of time for service, a court must proceed to the second step of the analysis and decide whether, in its discretion, it should extend the prescribed time for service. Trueman v. Johnson, CIV 02-2179, 2011 WL 6721327, *5-6 (D. Ariz. Dec. 21, 2011); Fed. R. Civ. Proc. 4(m). The court's discretion, however, must be predicated on a finding of excusable neglect. Trueman, 2011 WL 67212327, *5-6; Lemoge, 587 F.3d at 1198 ("The second [avenue for relief under Rule 4(m)] is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.").

Excusable neglect encompasses situations in which the failure to comply with a filing deadline (or in this case, a service deadline) is attributable to negligence. See Lemoge, 587 F.3d at 1192. To determine when neglect is excusable, courts conduct the equitable analysis specified in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993), by examining at least four factors: (1) danger of prejudice to the opposing

party; (2) length of delay and its potential impact on the proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith." Lemoge, 587 F.3d at 1192 (internal citation and quotation marks omitted); Pioneer, 507 U.S. at 395. In some cases, "the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." SEC v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1092 (9th Cir. 2010) (internal quotation marks and citation omitted).

          a.   <u>Prejudice to Defendant</u>

Prejudice to a defendant "requires greater harm than simply that relief would delay resolution of the case." Lemoge, 587 F.3d at 1196 (internal citation omitted). Allowing a plaintiff more time to serve would result in a defendant losing a quick victory, which they would have obtained if the court dismissed an action for untimely service. See Bateman v. U.S. Postal Service, 231 F.3d 1220, 1224-25 (9th Cir. 2000). But loss of this quick victory is not sufficiently prejudicial to the defendant to deny the plaintiff an extension of time for service. See Trueman, 2011 WL 6721327, *4. And being forced to litigate on the merits is also not sufficiently prejudicial to the defendant where there is far greater prejudice to the plaintiff from the statute of limitations barring re-filing. Id.

Here, in contrast with Defendant, Plaintiff would suffer severe prejudice if the motion were granted because Plaintiff would be barred from re-filing the case, due to California's two-year statute of limitations on personal injury actions. Opp'n at 7; Chardon v. Soto, 462 U.S. 650, 654 (1983) (stating that state

8

law applies in 42 U.S.C. § 1983 actions to determine what the limitations period is, whether the period was tolled, and the effects of tolling); Cal. Code Civ. Proc. § 335.1 (two years to bring an action for assault, battery, injury, or death by the wrongful act or neglect of another). Skeaton died on July 10, 2013 and the last date to file a complaint would have been July 10, 2015. So, if the motion is granted, Plaintiff would lose the ability to re-file.

Defendant counters that it would suffer prejudice from the court granting Plaintiff extra time for service because it is entitled to timely litigate the events giving rise to this action and it may not be able to depose some of the inmates who have relevant testimony. Reply at 5. Defendant reasons that some of these inmates "may be incarcerated in other distant facilities or may have been released and moved out of the area." Id.; Mem. at 2. Further, Defendant claims that some of its own employees and former employees' memories about the relevant incidents may have faded. Reply at 5; Mem. at 2.

Defendant also argues that the statute of limitations barring the instant action does not preclude dismissal, citing Cardenas v. City of Chicago, 646 F.3d 1001 (7th Cir. 2011) and Vaher v. Town of Orangetown, 916 F.Supp.2d 404 (S.D.N.Y. 2013). Reply at 5. Defendant's reliance on these cases is misplaced. In Cardenas, the plaintiffs were not proceeding in forma pauperis and did not rely on the U.S. Marshals Service to execute service. 646 F.3d at 1005. In Vaher, the defendants repeatedly raised service deficiencies and the plaintiff did not reasonably attempt to cure them. 916 F.Supp.2d at 421. In contrast, Plaintiff is

proceeding in forma pauperis, relied on the U.S. Marshals Service to execute service (which it failed to do), and actually completed service upon Defendants.

Because the severe prejudice to Plaintiff from granting the motion significantly outweighs the prejudice to Defendant, this factor weighs in favor of retroactively granting Plaintiff an extension to serve Defendant. See Alamzad v. Lufthansa Consulting GMBH, C04-01602, 2005 WL 1869400, *2-3 (N.D. Cal. Aug. 4, 2005) (finding that prejudice to defendant is not sufficient for the purposes of Rule 12(b)(5) motion where defendant would lose the benefit of expiration of the statute of limitations and plaintiff would suffer severe prejudice where he may have been barred from re-filing).

b. Length And Impact Of Delay

The determination of whether a length of time is reasonable depends upon the facts of each case, considering the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties. See Lemoge, 587 F.3d at 1196-97 (internal quotation marks and citation omitted). The impact of the delay is lower where no scheduling orders for discovery or motion practice have been entered and the litigation has not been proceeding with other defendants. Trueman, 2011 WL 6721327, *6.

In this case, the length of the delay is significant— Defendant was served with the complaint more than 2.5 years after filing and more than 1.5 years after the IFP Application was granted. See Compl.; Order Granting IFP Application. But the impact of the delay is not.

10

While it may be difficult for Defendant to gather relevant witnesses to obtain testimony, it may be as difficult, if not more difficult, for Plaintiff to locate percipient witnesses that will be needed for her to meet her burden of proof in this case. Defendant has also maintained and already produced documents related to Skeaton's death, under a public and medical records request. Decl. of Mark E. Merin, ECF No. 23-1, ¶ 2. Further, Defendant has conducted an investigation concerning Skeaton's death. See Reply at 4-5. And Defendant may also still have a significant record of the facts surrounding Skeaton's death. See Cal. Gov. Code § 12525 (when a person dies while in the custody of a local or state correctional facility in California, the agency in charge of the correctional facility "shall report in writing to the Attorney General, within 10 days after the death, all facts in the possession of the law enforcement agency or agency in charge of the correctional facility concerning the death."). Accordingly, the negative impact of the delay on Defendant is not necessarily greater than that which Plaintiff is likely to experience. This factor also weighs in favor of retroactively granting Plaintiff a discretionary extension to serve Defendant.

### c. Reason For Delay

Courts also consider whether there are "adequate reasons for the delay." Lemoge, 587 F.3d at 1197. Even negligence can be excused if the mistakes leading to untimely service were made in good-faith. Id. The reasons for delay in this case are: (1) Plaintiff's IFP Application status; (2) the U.S. Marshals Service not completing service; and (3) Plaintiff's former

11

attorney failing to follow up with the Court or the U.S. Marshals Service about the failure to execute service. While the Court does not condone Plaintiff's former attorney's silence and inactivity in pursuing the completion of service, that silence and inactivity seems to be rooted in carelessness rather than gamesmanship. Lemoge, 587 U.S. at 1197; Goff Decl. ¶¶ 5-8. The length of the IFP Application's pendency and the U.S. Marshals Service's failure to execute service are not all Plaintiff's or her former counsel's fault. While Plaintiff and her former counsel "could have handled [their] practice better," the Court finds Plaintiff has provided adequate reasons for the delay in service. Lemoge, 587 U.S. at 1197.

          d.    Good Faith

This factor depends on whether the "plaintiff acted in bad faith, or was engaging in gamesmanship, as opposed to simply being dilatory." Trueman, 2011 WL 6721327, *6. Good faith can exist where a party's "errors resulted from negligence and carelessness, not from deviousness or willfulness." Lemoge, 587 F.3d at 1197 (internal quotation marks and citation omitted). As described above, Plaintiff has not acted in bad faith. The Court finds that Plaintiff's former counsel's failure to be more proactive in pursuing the completion of service was a result of being dilatory, careless, or negligent, rather than any gamesmanship, deviousness, or willfulness.

///
///
///
///

For the foregoing reasons, the Court finds that Plaintiff has shown excusable neglect in delaying service on Defendant and exercises its discretion to retroactively grant Plaintiff an extension to serve Defendant.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss. Defendant shall file its Answer within twenty days of the date of this Order.

IT IS SO ORDERED.

Dated: March 13, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE